UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY BENNETT TURNER, JR.,
    Plaintiff,

vs.                                                                         Case No.: 3:19cv1547/RV/EMT

BOARD OF COUNTY COMMISSIONERS
OF AND FOR OKALOOSA COUNTY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff twice amended his complaint (*see* ECF Nos. 6, 11). Although Plaintiff names six defendants in the second amended complaint (ECF No. 11), the record indicates Plaintiff attempted service of process on only one defendant—Trey Goodwin (*see* ECF No. 15).

    Goodwin filed a motion to quash service of process and dismiss Plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5), arguing service of process was not proper, or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 17). The undersigned entered an order on August 27, 2020, allowing Plaintiff thirty days in which to file a response to the motion and advising that the court could grant the

motion by default if Plaintiff failed to respond (ECF No. 18). Plaintiff did not respond to the motion.

Upon further review of Goodwin's motion to dismiss, the undersigned determined that a response from Plaintiff would be beneficial to the court in issuing its ruling. The undersigned also questioned Plaintiff's continued interest in the matter in light of the fact that he did not respond to the motion—despite being advised that failure to do so could result in the court granting the motion by default—and did not serve five of the six named defendants. The undersigned thus entered an order directing Plaintiff to respond to Goodwin's motion to dismiss within fourteen days and show cause within the same time why the remaining defendants should not be dismissed based on his failure to timely effect service of process on them (ECF No. 19 at 2). The court advised that failure to comply with the order would result in recommendation, without further notice, that the case be dismissed (*id.*). The deadline for compliance with the order has passed, and Plaintiff has not complied.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and failure to comply with orders of the court.

Case No.: 3:19cv1547/RV/EMT

At Pensacola, Florida, this 4<u>th</u> day of February 2021.

/*s/ Elizabeth M. Timothy*/
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:19cv1547/RV/EMT